UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT LUCAS V (10),<br><br>Defendant. | Case No. 24-CR-0293 (PJS/DTS)<br><br><br><br>ORDER |

Garrett S. Fields and David M. Classen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Garvis, KOCH & GARVIS, LLC; and Amber Johnson, JOHNSON CRIMINAL DEFENSE, for defendant.

This matter is before the Court on defendant Albert Lucas's objection to the April 3, 2026, Order and Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz denied Lucas's discovery motions and recommends (1) denying Lucas's motion to dismiss the superseding indictment [ECF No. 496]; (2) denying Lucas's motion to dismiss portions of Count One and all of Count Two of the superseding indictment [ECF No. 500]; (3) granting in part and denying in part Lucas's motion to suppress statements [ECF No. 501]; (4) granting in part and denying in part Lucas's motion to suppress evidence [ECF No. 502]; and (5) denying Lucas's amended motion to suppress evidence obtained as a result of search and seizure [ECF No. 558].

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court agrees with Judge Schultz's thorough R&R, with just one exception: The Court finds that the good-faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984), does not apply to the search conducted pursuant to the May 27, 2022, cellphone warrant. The Court therefore grants Lucas's motion to suppress evidence obtained from the search of his cellphone pursuant to that warrant. In all other respects, the Court adopts the R&R and overrules Lucas's objection.

With respect to the May 27, 2022, cellphone warrant:

As described in the R&R, on May 27, 2022, in the city of Montrose, Minnesota, an officer conducted a traffic stop of a car in which Lucas was a passenger. The officer searched the car and found under Lucas's seat a loaded Glock handgun that had been reported stolen on February 26, 2021, from a business in New Hope, Minnesota. Because of a pending second-degree murder charge, Lucas was forbidden to possess a gun. The officer arrested Lucas and recovered a black iPhone.[1] Another officer—Deputy Sheriff Jason Hermansen of the Wright County Sheriff's Office—then obtained a

---

[1]The warrant application recites that the officer recovered two black iPhones "located in possession of [Lucas]" and the driver. Gov't Ex. F.3 at 1. So far as the Court can glean from the record, Lucas seeks to suppress only evidence from the phone that was found on his person. ECF No. 502 at 12. The Court's ruling therefore does not apply to the contents of the other phone.

warrant to search the entire contents of the phone for the 15-month period stretching from February 25, 2021, to May 27, 2022— that is, from the day before the gun was stolen until the day of Lucas's arrest. Gov't Ex. F.3.

Judge Schultz found that the warrant failed to establish probable cause to search the phone for that entire period of time.[2] The Court agrees that the warrant was overbroad, and the government does not argue to the contrary. Instead, the government argues—and Judge Schultz found—that Deputy Hermansen acted in good faith in relying on the overbroad warrant and therefore, under *Leon*, the evidence need not be suppressed. Although the *Leon* issue is close, the Court respectfully disagrees with Judge Schultz.

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Dat*, 181 F.4th 848, 860 (8th Cir. 2026) (citation omitted). Even if a warrant is found to be invalid, the evidence may still be

---

[2]As Judge Schultz notes, although the warrant appears to authorize a search only for evidence of possession of the firearm, R&R at 17 n.9, the warrant application seeks evidence that Lucas was involved in the February 2021 theft of that firearm, Gov't Ex. F.3 at 3. Moreover, the timeframe of the warrant—stretching back 15 months to the day before the theft—only makes sense if the judge found probable cause to connect Lucas to the theft.

admissible if the officer acted reasonably and in good faith in relying on the warrant. *See United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). An officer does not act in objective good-faith reliance on a warrant, however, when the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (quoting *Brown v. Illinois*, 422 U.S. 590, 611 (1975) (Powell, J., concurring in part)).

Here, the relevant facts offered to establish probable cause for searching Lucas's cell phone for a *15-month period* are (1) a firearm was found under Lucas's seat and (2) that firearm had been reported stolen 15 months earlier. That's it—except for boilerplate from Deputy Hermansen that "persons engaged in criminal activities often use cell phones to communicate, exchange information, take photographs of stolen items and use cell phones to conduct communications during criminal activities." Gov't Ex. F.3 at 3.

The Court agrees that the presence of a gun under Lucas's seat (with a round in the chamber) was sufficient to establish probable cause that Lucas unlawfully possessed that gun. And the Court finds that there was (barely) probable cause to search Lucas's cellphone for data that was created on the day he was arrested (and perhaps even the previous few days), as there was a fair probability that the data would include evidence about whether or how Lucas obtained the firearm or whether or how Lucas knew the

firearm was under his seat. But there was nothing in the warrant application that connected Lucas to the *theft* of the gun, save the fact that Lucas possessed the gun 15 months later and 30 miles away.[3] Given the frequency with which stolen guns are bought, sold, and passed around—and given the tenuous connection between Lucas and the *theft* of the gun—the warrant was plainly overbroad, and a reasonable officer could not have concluded otherwise. The Court therefore agrees with Lucas that the *Leon* good-faith exception does not apply and that his motion to suppress the evidence obtained from his cellphone pursuant to the May 27, 2022, warrant should be granted.[4]

Only a few other matters merit comment:

*First*, with respect to an April 11, 2024, tracking warrant, Lucas contends that Judge Schultz's conclusions were based on an erroneous premise—namely, that Lucas was barred from possessing any kind of firearm. Lucas is mistaken. An earlier, related

---

[3]In *United States v. Baker*, the Sixth Circuit held that an officer acted in good faith in arresting a suspect for receipt of property that had been stolen 21 months earlier. 976 F.3d 636, 648–49 (6th Cir. 2020). While this case might bear some superficial resemblance to *Baker*, *Baker* is distinguishable in that, unlike in this case, there was clearly probable cause to believe that the suspect had committed at least one element of the offense, namely, receipt of the property at issue. The missing piece was evidence of knowledge that the property was stolen, which, the Sixth Circuit hinted, may not be necessary to establish probable cause. *See id.* (citing cases stating that proof of intent is not necessary to establish probable cause to arrest).

[4]"Where an overbroad warrant is invalid only in part, the warrant is severable, and items seized pursuant to valid portions of the warrant need not be suppressed." *United States v. Coleman*, 909 F.3d 925, 931 (8th Cir. 2018) (cleaned up). The parties did not address the issue of severability, however, and the Court therefore does not do so.

Facebook warrant concerned Lucas's alleged possession of a gun illegally fitted with a switch—that is, a gun that *no one* could legally possess. *See* R&R at 39. The April 2024 warrant application was based on information from a confidential informant that Lucas was recently in possession of the "same or similar handgun" as the illegal gun that was the subject of the Facebook warrant. Lucas Def. Ex. 8 at 4.

*Second*, Lucas contends that his June 1, 2021, warrantless arrest was invalid because Lucas did not commit the alleged crime in the arresting officer's presence. The Supreme Court has made clear, however, that as long as there is probable cause, an officer may make a warrantless arrest for a suspected felony even if the offense was not committed in the officer's presence. *See United States v. Watson*, 423 U.S. 411, 416–18 (1976); *see also* ECF No. 502 at 35 (Lucas's memorandum stating that the June 1 arrest was for a homicide). Lucas relies on *Steagald v. United States*, 451 U.S. 204 (1981), but *Steagald* has nothing to do with whether an arrest warrant is required to effect an arrest in a public place. Instead, the issue in *Steagald* was "whether, under the Fourth Amendment, a law enforcement officer may legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant." *Id.* at 205.

*Third*, Lucas argues that portions of Count One (which charges Lucas with participating in a RICO conspiracy) should be dismissed under the Juvenile

Delinquency Act ("JDA"), 18 U.S.C. § 5031 et seq. Specifically, Lucas contends that, under the JDA, the Court must exclude evidence of any predicate acts that Lucas committed as a minor. Recently, however, the Eighth Circuit joined the majority of circuits in holding that the JDA is inapplicable when a defendant "continues to participate in a conspiracy after reaching majority" and thereby "ratifies his prior conduct in the conspiracy, such that the conspiracy carries over into his majority." *United States v. Bogan*, 182 F.4th 1072, 1075 (8th Cir. 2026) (quoting *United States v. Mendez*, 28 F.4th 1320, 1327 (9th Cir. 2022)).

*Finally*, concerning the defense exhibits that Lucas submitted in connection with his motions: It is unnecessarily difficult for the Court to discern, from the record, which of Lucas's exhibits were admitted in connection with his various motions and whether the R&R or the parties inadvertently relied on any exhibits that were not admitted. *Compare* ECF No. 569 (minute entry listing exhibits from the government and a codefendant, but none from Lucas), *with* ECF No. 580 at 3 (transcript index listing Exhibits 1 and 2 for Lucas), *id.* at 22 (appearing to admit Lucas's Exhibits 1 and 8), *and* ECF No. 564 (Lucas's proposed list of 21 exhibits).

To the extent that the parties or the R&R relied on exhibits that were not formally admitted, the Court considers any objection to such reliance to have been waived and regards those exhibits as having been admitted. To make the record clear, however, the

Court orders the parties to confer and then submit a stipulated list of admitted exhibits and a proposed order to Judge Schultz for the purpose of creating a complete and accessible record of the admission of all exhibits on which the parties or the R&R relied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's objection [ECF No. 745] is SUSTAINED IN PART and OVERRULED IN PART.

2. The Court AFFIRMS the Order [ECF No. 695] denying defendant's discovery motions [ECF Nos. 497–99].

3. The Court ADOPTS IN PART and REJECTS IN PART the R&R [ECF No. 696].

4. Defendant's motions to dismiss [ECF Nos. 496, 500] are DENIED.

5. Defendant's motion to suppress statements [ECF No. 501] is GRANTED IN PART and DENIED IN PART as described in the R&R.

6. Defendant's motion to suppress evidence [ECF No. 502] is GRANTED IN PART and DENIED IN PART as follows:

a. The motion is GRANTED as described in the R&R and, in addition, as to evidence recovered from defendant's cellphone pursuant to the May 27, 2022, cellphone warrant.

b. The motion is DENIED in all other respects.

7. Defendant's amended motion to suppress evidence [ECF No. 558] is DENIED.

8. The parties are directed to meet and confer for the purpose of creating a record of admitted exhibits as described more fully above.

Dated: November 16, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge